UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STEVEN LOVENGUTH,<br><br>   Plaintiff,<br><br>v.<br><br>AMERICAN HOME SHIELD CORPORATION,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Steven Lovenguth ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against American Home Shield Corporation (hereinafter "Defendant" or "AHS"), showing the following:

### I. NATURE OF COMPLAINT

1. Plaintiff brings this action for damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title

VII").

## II. PARTIES

2.  Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

3.  Defendant is an Foreign Profit Corporation with a principal office located at 150 Peabody Place, Suite 300, Memphis, Tennessee 38103-3720

4.  Defendant may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

5.  Defendant is subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. JURISDICTION AND VENUE

6.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of the ADA.

7.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts III and IV of this Complaint, which arise out of the ADEA.

8.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts V and VI of this Complaint, which arise out of Title VII.

9.  The majority of the events plead herein occurred at the work site of 106 Old

Mill Road, LaGrange, Georgia 30241.

10. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Atlanta Division of the Northern District of Georgia.

11. Plaintiff exhausted all administrative remedies in this matter. Dismissal and Notice of Rights, Ex. 1.

12. This action has been timely commenced.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

14. Defendant is now, and at all times relevant hereto has been, an employer subject to the ADA.

15. Defendant is now, and at all times relevant hereto has been, an employer subject to the ADEA.

16. Defendant is now, and at all times relevant hereto has been, an employer subject to Title VII.

17. Plaintiff was employed by Defendant from September 26, 2016, until January 3, 2020.

18. During all times relevant to his claims, Plaintiff worked for AHS as a Customer Service Supervisor.

19. Plaintiff has Type 2 Diabetes, a condition that substantially limits one or more of his everyday life activities.

20. At the time of Plaintiff's claims, Plaintiff was 67 years of age.

21. Plaintiff is Caucasian.

22. Plaintiff is Male.

23. In April 2019, AHS implemented a new management team.

24. At that time, Plaintiff began to report to Ms. Mala Kissun, Customer Care Manager.

25. Ms. Kissun is significantly younger than Plaintiff.

26. Ms. Kissun is African American.

27. Ms. Kissun is female.

28. Other employees comparable to Plaintiff, and also reporting to Ms. Kissun, did not have any known disabilities.

29. Plaintiff was significantly older than other employees comparable to Plaintiff, also reporting to Ms. Kissun.

30. Other employees comparable to Plaintiff, and also reporting to Ms. Kissun, were primarily African American.

31. Other employees comparable to Plaintiff, and also reporting to Ms. Kissun, were primarily female.

32. Under the supervision of his previous supervisor, Ms. Rashad Little, Plaintiff received satisfactory performance evaluations and high praises for his work.

33. Ms. Kissun, however, immediately began to criticize Plaintiff's work product.

34. Ms. Kissun implied that Plaintiff was not able to figure out simple tasks to complete.

35. Ms. Kissun implied that Plaintiff could not adequately perform his job due to his age.

36. Ms. Kissun held Plaintiff to a higher standard than his significantly younger counterparts.

37. Ms. Kissun held Plaintiff to a higher standard than his female counterparts.

38. Ms. Kissun held Plaintiff to a higher standard than his African American counterparts.

39. In December 2019, Ms. Kissun placed Plaintiff on a Performance Improvement Plan ("PIP"), but offered no guidance or advice on corrective ways to improve his work standards.

40. Plaintiff was given no disciplinary action or coaching prior to being placed on a PIP.

41. While on the PIP, Plaintiff had meetings twice a week Ms. Kissun and his team's performance improved.

42. Nonetheless, Ms. Kissun gave Plaintiff non-improvement scores on his PIP.

43. Plaintiff spoke with Mr. Little, who still worked within AHS, and reported that he felt Ms. Kissun was targeting him based on his age.

44. Plaintiff then spoke with Ms. Melanie Wade, Human Resource Manager.

45. Plaintiff reported to Ms. Wade that was being targeted by Ms. Kissun based on his age and disability.

46. While Ms. Wade indicated she would investigate Plaintiff's claims, AHS took no remedial action.

47. On January 2, 2020, PC had a meeting with Ms. Kissun and the Center Director.

48. During that meeting, Plaintiff was told he was, "off [his] game."

49. During that meeting, Plaintiff disclosed that he has Type 2 Diabetes, which affects his cognitive ability when his blood pressure gets too high.

50. Ms. Kissun suggested Plaintiff take a leave of absence to take care of his medical condition.

51. Plaintiff agreed that a medical leave of absence was necessary.

52. The following day, January 3, 2020, Plaintiff was terminated by AHS.

53. Following his termination, Plaintiff was replaced by an African American female in her early 40s, with no disabilities.

54. Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") on June 27, 2022, Charge Number 490-2020-01561.

55. Plaintiff received his Dismissal and Notice Rights from the EEOC, dated December 7, 2022.

## V. CLAIMS FOR RELIEF

## COUNT I: ADA DISCRIMINATION

56. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

57. Plaintiff was qualified for his position.

58. Plaintiff is a disabled individual.

59. Plaintiff informed AHS of his medical condition and discussed taking medical leave to handle that condition.

60. Following this disclosure, Plaintiff was terminated from his employment.

61. Following his termination, Plaintiff was replaced by an individual that suffers from no known disabilities.

62. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

63. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT II: ADA RETALIATION

64. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

65. Plaintiff was a disabled individual, of which the company was aware.

66. Plaintiff informed AHS of his medical condition and discussed taking medical leave to handle that condition.

67. Following this disclosure, Plaintiff was terminated from his employment.

68. Plaintiff engaged in protected activity under the ADA when requesting a medical leave.

69. The circumstances and temporal proximity of the adverse action to the protected activity raise an inference of retaliation.

70. Defendant has no legitimate business reasons for the adverse actions against Plaintiff.

71. Plaintiff has suffered damages as a result of Defendant's actions, for which he is entitled to recovery.

## COUNT III: ADEA DISCRIMINATION

72. Plaintiff incorporates by reference all Paragraphs and allegations set forth in

this Complaint as though fully and completely set forth herein.

73. Plaintiff is a member of a protected class by virtue of his age.

74. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's age.

75. Ms. Kissun held Plaintiff to a higher standard than his significantly younger counterparts.

76. Plaintiff suffered the adverse actions of a PIP, followed by his termination.

77. Comments made regarding Plaintiff's retirement is evidence of a discriminatory animus.

78. Comments made regarding Plaintiff not adequately performing his job due to his age is evidence of a discriminatory animus.

79. Following his termination, Plaintiff was replaced by an individual that is under the age of 40 and significantly younger than Plaintiff.

80. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

81. Defendant's violation of the ADEA was willful.

82. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

83. As a direct and proximate result of Defendant's violations, Plaintiff has

suffered economic and non-pecuniary damages.

84. Plaintiff is entitled to lost wages and benefits, liquidated damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT IV: ADEA RETALIATION

85. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

86. Plaintiff is a member of a protected class by virtue of his age.

87. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's age.

88. Plaintiff complained of age discrimination to AHS after discriminatory comments and disparate treatment from his supervisor.

89. Plaintiff engaged in protected activity under the ADEA when making such a report.

90. Following this disclosure, Plaintiff was terminated from his employment.

91. The circumstances and temporal proximity of the adverse action to the protected activity raise an inference of retaliation.

92. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

93. Defendant's violation of the ADEA was willful.

94. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

95. As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

96. Plaintiff is entitled to lost wages and benefits, liquidated damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT V: TITLE VII RACE DISCRIMINATION

97. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

98. Plaintiff is a member of a protected class by virtue of his race.

99. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's race.

100. Ms. Kissun held Plaintiff to a higher standard than his African American counterparts.

101. Plaintiff was placed on a Performance Improvement Plan ("PIP"), but was given no disciplinary action or coaching prior to being placed on a PIP.

102. Plaintiff was ultimately terminated from his employment.

103. Following his termination, Plaintiff was replaced by an individual that is outside of his protected class.

104. Defendant has no legitimate business reasons for the adverse action against Plaintiff.

105. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## COUNT VI: TITLE VII GENDER DISCRIMINATION

106. Plaintiff incorporates by reference all Paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

107. Plaintiff is a member of a protected class by virtue of his gender.

108. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's gender.

109. Ms. Kissun held Plaintiff to a higher standard than his female counterparts.

110. Plaintiff was placed on a Performance Improvement Plan ("PIP"), but was given no disciplinary action or coaching prior to being placed on a PIP.

111. Plaintiff was ultimately terminated from his employment.

112. Following his termination, Plaintiff was replaced by an individual that is outside of his protected class.

113. Defendant has no legitimate business reasons for the adverse action against

Plaintiff.

114. Plaintiff suffered damages as a result of Defendant's discrimination, for which he is entitled to recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. That judgment be entered against Defendant on all claims;

c. Actual, compensatory, and liquidated damages in an amount to be determined by the enlightened conscience of a jury;

d. Punitive damages;

e. Attorney's fees, costs of litigation and any other relief the Court deems just and proper;

f. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

g. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

h. Any other relief this Court deems proper and just.

Respectfully submitted this 7th day of March, 2023.

            THE KIRBY G. SMITH LAW FIRM, LLC

            <u>s/Amanda M. Brookhuis</u>
            Amanda Brookhuis
            Georgia Bar No. 601396
            Kirby G. Smith
            Georgia Bar No. 250119
            Attorney for Plaintiff

4488 North Shallowford Road
Suite 105
Atlanta, Georgia 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

15.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 7th day of March, 2023.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        Attorney for Plaintiff